```
                IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA    )
                            )
          v.                )     Criminal No. 04-2 Erie
                            )
DANIEL RAY HINES            )
```

**GOVERNMENT'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

AND NOW comes the United States of America, by and through its counsel, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Marshall J. Piccinini, Assistant United States Attorney for said district, and proposes that the Court adopt the following findings of fact and conclusions of law:

**PROPOSED FINDINGS OF FACT**

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On August 25, 2004, pursuant to a plea agreement, Mr. Hines pled guilty to one count of possessing with intent to distribute and distribution of fifty grams or more of methamphetamine. Prior to and at the time of his sentencing, Mr. Hines' counsel, Assistant Federal Public Defender Thomas Patton, objected on two grounds to the two-level enhancement for possessing firearms during the charged conduct: (1) pursuant to Blakely v. Washington,[1] Mr. Hines' sentence could not be increased based upon a fact (the possession of the firearms) that was not charged in the

---

[1] 542 U.S. 961 (2004)

indictment nor proven by the government; and (2) there was insufficient evidence to demonstrate that Mr. Hines possessed the firearms. This Court rejected Mr. Hines' arguments and found that the government sufficiently proved the factual basis required to apply the two-level enhancement. On November 22, 2004, this Court sentenced Mr. Hines, within the Guidelines range, to 140 months of imprisonment followed by five years of supervised release.

On behalf of Mr. Hines, the Federal Public Defender's Office filed a timely appeal to the Third Circuit Court of Appeals, which was docketed at No. 04-4511. Subsequently, the Federal Public Defenders Office filed a Motion for Summary Remand requesting remand to the district court for re-sentencing in light of the Supreme Court's decision in United States v. Booker,[2] which was decided after the filing of Mr. Hines' appeal. The Third Circuit determined that the sentencing issues raised by Mr. Hines would best be determined by the District Court in the first instance. Accordingly, the Third Circuit vacated Mr. Hines' sentence and remanded for re-sentencing in accordance with Booker.

On August 2, 2005, a re-sentencing hearing was held before this Court. Attorney Patton objected again to the two-level enhancement for possession of firearms. This Court determined that for the same reasons stated at the original sentencing hearing, the enhancement was appropriate. This Court incorporated by reference

---

[2] 543 U.S. 220 (2005).

the same reasons for its decision as were stated at the November 22, 2004 sentencing hearing.  Mr. Hines was re-sentenced to 135 months of incarceration, five months less than his original sentence, and within the advisory Sentencing Guidelines range.[3]

After the resentencing and while still seated at counsel table, Mr. Hines recalls stating to Attorney Patton "I'd like to try again."  (Evid. Hrg., p. 6).  According to Mr. Hines, Attorney Patton told him that "he didn't really think it would do any good." (Evid. Hrg., p. 6).  Mr. Hines testified that that was the extent of any conversation he had with Attorney Patton about filing an appeal after the resentencing.  (Evid. Hrg, p. 6).

Attorney Patton claimed that he has no recollection of whether or not he and Mr. Hines discussed an appeal before or after the resentencing.  (Evid. Hrg., p. 28-29, 35, 38, 43).  In addition, Attorney Patton claimed that he has no recollection as to whether or not he discussed with Mr. Hines that the weapons enhancement would prevent Mr. Hines from receiving credit for participating in the prison drug program.  (Evid. Hrg., p. 37). Attorney Patton did not make and/or retain any notes indicating whether or not Mr. Hines wished to file an appeal from his resentencing. Similarly, Attorney Patton has no recollection of nor did he make or retain any notes regarding telephone conversations

---

[3] A sentence of 135 months was within the applicable Guidelines' range with or without the weapons enhancement.

with Mr. Hines' mother discussing an appeal. (Evid. Hrg., p. 30-31, 41, 65).

Nevertheless, on August 9, 2005, an e-mail was sent by Attorney Patton's secretary to the Pittsburgh Federal Public Defender's Office indicating there would be "no appeal" in Mr. Hines' case. (Evid. Hrg., p. 27-28).

Although Attorney Patton testified that if a client asks him to file an appeal, he has never knowingly not filed the appeal, Attorney Patton admitted that if Mr. Hines thought he had asked Attorney Patton to file an appeal and he did not clarify it with Mr. Hines one way or the other, then it is Attorney Patton's fault. (Evid. Hrg., p. 30, 66). More specifically, Attorney Patton testified as follows:

> Q. If Mr. Hines asked you to file an appeal sitting here in this courtroom, counsel, why didn't you file an appeal on his behalf?
>
> A. If he asked me to file it and I did not file it, I would have no good explanation for why that did not happen.
>
> . . .
>
> Q. Mr. Patton, you were asked a question from Mr. Piccinini referring to your responsibility – what was that comment, I'm sorry, he sort of said something and went to another question?
>
> A. I believe what I had said was that it's up to me to determine whether the client wants to appeal or not. And if I don't, in my opinion, if I don't do a sufficient job so that I knew whether or not it's clear to me whether or not the person wants to appeal or doesn't want to appeal, then I haven't done my job right.

(Evid. Hrg., p. 67, 69-70).

## CONCLUSIONS OF LAW

A challenge to the efficacy of counsel is appropriately raised on collateral review, and it is therefore properly before this Court. United States v. DeRewal, 10 F.3d 100, 103 (3d Cir. 1993). It is well established that in order to prevail on such claims, a defendant must meet the "rigorous standard" of Strickland v. Washington, 466 U.S. 668 (1984). However, where the basis of a defendant's ineffective assistance claim is counsel's failure to appeal, a more specific version of the Strickland standard applies. Harrington v. Gillis, 456 F.3d 118, 125 (3d Cir. 2006) (citing Roe v. Flores-Ortega, 528 U.S. 470 (2000)).

The Supreme Court has prescribed a circumstance-specific analysis. The first step is to determine whether counsel consulted with his client regarding an appeal. Harrington, 456 F.3d at 125. (citations omitted). If counsel consulted with the defendant and counsel failed to follow the defendant's express instructions regarding an appeal, then counsel's performance was deficient. Id. If counsel did not consult with the defendant about an appeal, then the next step is to determine whether counsel's failure to consult with the defendant itself constitutes ineffective assistance. Id. A showing of either of the following two factors establishes deficiency and satisfies the first Strickland prong:

> counsel has a constitutionally imposed duty to consult with the defendant about an appeal

5

>       when there is reason to think either (1) a
>       rational defendant would want to appeal (for
>       example, because there are nonfrivolous
>       grounds for appeal), or (2) that this
>       particular defendant reasonably demonstrated
>       to counsel that he was interested in
>       appealing.

Id.

With respect to this first prong, the evidence before this Court is that after the resentencing, Mr. Hines told Attorney Patton, "I'd like to try again." Attorney Patton, however, has no recollection of this statement nor as to whether he consulted with Mr. Hines about an appeal at all.  Although Attorney Patton's testimony seems to indicate that if a client asks for an appeal, it is his practice to comply with the client's request, the Court cannot make the assumption that because Attorney Patton did not file an appeal, one was not requested.  This is especially so in light of Attorney Patton's lack of memory and his complete failure to make and keep any notes regarding discussions, or lack thereof, about an appeal.  Indeed, Attorney Patton testified that his representation was deficient for failing to clarify with Mr. Hines whether or not he wanted to appeal.

Accordingly, this Court finds that Attorney Patton's representation was deficient with respect to consulting with the defendant about an appeal and maintaining records evidencing his consultation.  Thus, Mr. Hines has satisfied the first Strickland prong.

If the first prong is satisfied, then a defendant must satisfy the second prong by showing that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed. <u>Id.</u> In making its determination, the court must consider all relevant circumstances, including whether the defendant pled guilty, the trial court's instructions to the defendant regarding his right to appeal, any waiver of a right to appeal in a plea bargain agreement, and evidence that there were nonfrivolous grounds for appeal. <u>Id.</u> at 125-26.

With respect to the second prong, the Court notes that the defendant pled guilty pursuant to a plea agreement, but that he did not waive his appellate rights as part of the plea agreement. The Court also notes that it advised Mr. Hines of his right to appeal both at the sentencing and resentencing. Finally, while the Court believes it is unlikely Mr. Hines will prevail on the issue he wishes to raise on appeal, the Court cannot say that the issue Mr. Hines wishes to raise is frivolous. Therefore, considering all of the relevant circumstances, the Court finds that Mr. Hines was prejudiced by Attorney Patton's deficient performance, and thus, has satisfied the second <u>Strickland</u> prong.

Accordingly, the defendant's right to appeal from his resentencing should be reinstated.

>
> Respectfully submitted,
>
> MARY BETH BUCHANAN
> United States Attorney
>
>
> /s/ Marshall J. Piccinini
> MARSHALL J. PICCININI
> Assistant U.S. Attorney
> PA ID No. 56362